Welcome aboard on a ride on the Royal Caribbean Cruises   Royal Caribbean Cruises Royal Caribbean Cruises Royal Caribbean Cruises Royal Caribbean Cruises Good morning, this is the court, Carol Finkelhoff on behalf of the appellant. We are here today, we brought a complaint on behalf of my client who is a minor who was sexually assaulted and gang raped on a Royal Caribbean vessel. The complaint brought is for negligence and the common carrier Royal Caribbean's breach of its duty to exercise reasonable care and its negligence in its security, negligence in its policies and procedures and for failure to warn. The lower court aired when it made ultimate findings of fact as to foreseeability and as to reasonableness, both which this court has repeatedly held are questions of fact to be determined after discovery at the summary judgment phase or at trial. The lower court without one piece of paper of discovery made these ultimate findings. If we look at the complaint itself and what was alleged, we have alleged that we have a young female in a bar area with a group of older men where she was allowed to gain access to alcohol. Visibly intoxicated, visibly incapacitated, and in this intoxicated and incapacitated state, she was led away through public areas back to a cabin where she was gang raped. The complaint further alleges that all of this happened in plain view of the crew members working in the area who saw or should have seen what was going on in the course and scope of performing their duties. We have further alleged facts that there is a history of assaults on these cruise ships, that they occur at an alarming rate, that there is a history of minors being assaulted by crew members and by other passengers. There is a history of minors gaining access to alcohol and then becoming victims of sexual assault either by a crew member or by another passenger. We have further alleged that the cruise line knew, based on its past experience, that alcohol increased the risk of these sexual assaults. And further, that the cruise line knew that these assaults occurred in bar areas and in cabins, which are all facts that plausibly state a cause of action. And at a motion to dismiss, that is all the lower court needed to look at. The court did not need to determine foreseeability or reasonableness. I submit that the facts alleged will allow a reasonable juror to conclude that the cruise line was negligent in failing to have proper security, identifying a minor, finding out why the minor was in an area where she should not have been. That a reasonable jury could conclude that the cruise line did not have proper policies or procedures in place. And based on the history of sexual assaults happening on the cruise ship and the allegation that the cruise line did not disseminate and in no way warned, states a cause of action. Counsel, I understand what you've said and I intend to ask opposing counsel about it, but let me ask you this. What about their argument somewhere in the briefs that you didn't allege that she looked like a minor? Well, your honor, we alleged that she was a minor and the standard is not what they actually knew, but what they knew or should have known and what a reasonable person thought she was a minor. Counsel, I want to get your response to their argument at its core or at its strongest about that point. And their argument is a reasonable person wouldn't have known that she was a minor unless she looked like a minor and you haven't alleged she looked like a minor on that date, appeared to be a minor. Was obviously a minor. A reasonable person would have known she was a minor. That's their argument. That's one of their arguments, as I understand it. Yes. With all due respect, you accept the facts as true in the complaint and give all inferences to the plaintiff. And here we allege that she was a minor in plain view. And that goes directly to... Now, wait, wait. When you add the plain view, I'll look. I've read the complaint looking for it. That when you say she was a minor in plain view, that sounds like you're saying we pleaded that it was plain she was a minor. I'm not sure you did, whether you were required to or not is another matter, but I was trying to get your response to their argument on that point. My response is that it's not necessary that we have to say she looked like a minor because we allege that she was a minor. I'm sorry. If she looked like she was 42 years old, and we had a stipulation to that effect, but in fact she was 17 or 16 years old, that's a different negligence claim than if she looked like she was 16 or 17 years old. Well, you concede that much at least. Yes. The issue that I'm trying to point out that is we cannot say what they actually knew. It's what they knew or should have known. And here we... It depends on how she appeared at the time is their argument. I'm not making the argument. I'm just trying to get your response to it. Okay. Well, we allege that she was a minor. And what it does is it dovetails into the negligent security and negligent policies and procedures. Because one of the arguments is if they had proper policies and procedures, they would have been able to tell she was a minor by having wristbands or other training to properly identify a minor. Is that an argument or an allegation and complaint? We've alleged that they knew or should have known, and we have alleged that they were negligent in failing to monitor, to supervise, and to adequately have procedures in place, which would include identifying minors. Okay. Let me ask you something. Were you alleged in paragraph 12 that Royal Caribbean had experienced and had actual knowledge of minors wrongfully being provided with or allowed to gain access to alcohol, and then becoming the victim of assaults and batteries and sexual crimes perpetrated aboard its vessels, both by crew and by other passengers? Is it your position that because of this history, they were unnoticed that this happens to minors, and so they had an obligation to identify minors and protect them from this type of thing? Yes, because they are required to protect against identifiable risk or foreseeable risk that they knew or should have known about. And again, that goes to the fact that this was decided on a motion to dismiss rather than a summary judgment, which we contend will reveal multiple instances of this exact type of crime happening. As set forth in the Doe cases and the Horn case, there are instances of 59 instances, 23 instances of prior assaults. They do not have to be the exact type of assault, but so long as they're there, that puts them on notice. I have a question about the age limit on these ships. Is it 18 to 21 for alcohol? It is 21, Your Honor. It's 21? Yes. And I'm just curious. I think your complaint says there are multiple incidences. Is this more common with crew members or passengers or really just both categories? Both, Your Honor. Both. And that's why in my complaint— This is just informational background. I was just curious. That's why I specifically alleged that the sexual assaults against minors can happen by either crew member or other passengers and that the provision of alcohol— I'm going to ask the other side this because I don't understand why she doesn't get carded and then they know she can't have any alcohol. Again, that goes exactly to my— Do they normally card people like they do? Yes, they're supposed to card people. Okay. And with that, I will conclude unless there's any further questions. I don't have one. Thank you. Thank you, Counsel. May it please the Court. Good morning. My name is Darren Friedman. Along with me today is Ms. Catherine MacGyver, and we represent rural Caribbean. The very sad facts of this case do not in and of itself turn it into a cause of action. To survive— I know, but part of the thing that, in my view, and I'm speaking my tentative position to give you an opportunity to convince me the contrary, part of the thing that does turn it into a cause of action is it's a sad and often told tale, sad and repeated facts. This is not the first time this has happened on one of the rural Caribbean's vessels. You're familiar, of course, with the Cruise Vessel Safety and Security Act of 2010 requiring that there be a compilation of incidents, statistical incidents, in which passengers or crew were sexually assaulted. Are you not? I am. And your client, of course, is too. Yes. And according to those reports, even if you exclude all those that are still under investigation, in the five-year period before this assault, 2010 to 2015, there were 20 assaults or sexual—actually, sexual assaults on your client's vessels. Were they not? I don't know that statistic offhand, but it's possible. Sounds reasonable, doesn't it? Yes. Except it's not reasonable to allow that to happen. I would agree. And on all cruise lines, 64. So that knowledge is imputed to your client, is it not? I would agree. So they were well aware of the risk. And that's what the plaintiff has alleged in paragraph 11. Knew of the serious risk of crime and injury to its passengers aboard. Had experience and had actual knowledge of such crimes and injuries perpetuated aboard its vessels, both by crew and by other passengers. Assault and bad reasons, sexual crimes and other violence. And so having that knowledge, you'd agree that under just general negligence law, they had an obligation to protect their passengers and crew from those kinds of sexual assaults that they knew happened all too frequently, didn't they? Well, I do think there is a distinction there, and if I may go into it for a minute, Your Honor. I mean, before you go into it, you tell me they didn't have an obligation to take reasonable efforts to protect the passengers from that. Of course, under the law, their obligation is to provide reasonable care under their circumstances. And that applies in this case, just as it would in any other negligence case. So your argument is that they did apply reasonable care. Absolutely. All right. And that includes, then, when we turn to paragraphs 25 through 27, that it's reasonable care to see in a public lounge and other public areas above the vessel adult male passengers purchasing multiple alcoholic beverages for a minor, causing them to become highly intoxicated. And that happening in plain view of multiple crew members who saw or should have seen it and being surveilled by the security cameras and personnel, but then not taking any action to prevent the service of alcohol to the minor or to prevent them from escorting her off to a room, a group of men. How can that be reasonable care? Well, because I think the distinctions, as noted by Judge Moore in his opinion, are, one, do they know this individual is a minor? Two, the crew were not. Stop right there. Suppose she wasn't a minor. It's okay to let somebody get a woman drunk like that, disoriented, and escort her unstable in a group of men to a private cabin? No, I would. That's reasonable care? I would generally agree that that is something that's not okay. But as Judge Moore. That's specifically what they've alleged. As Judge Moore noted, Your Honor, there's no allegation that they provided the alcohol. There's no allegation that they knew this individual was intoxicated. Wait, wait, wait. Purchase multiple alcoholic beverages. How did they? Are the passengers selling alcohol on board the ship? No, other passengers purchased the alcohol, but this individual, the plaintiff in this case, did not make any purchases herself. So what? Well, if the obligation is on the crew to act, they have to know that this individual is, one, someone who should not be drinking. Two, is being provided the alcohol by someone in violation of some policy. Three, has become intoxicated. And then, of course, the most important thing is because this was a criminal act by a guest, it's an intervening act under the law, they have to anticipate that because this person is intoxicated, that a crime is therefore going to ensue. In view of multiple crew members, and still under surveillance by the ship's security and cameras, these adult male passengers steered the plaintiff, who was obviously drunk, disoriented, and unstable, to a cabin where they were brutally assaulted and gang raped her. It's in view of multiple crew members, which means that multiple crew members saw a group of men steering an obviously drunk, disoriented, and unstable young woman to a cabin. Now why, given the history of what goes on and what happens and the crimes that are inflicted upon crew members and passengers on board a vessel, why is that not a breach of the duty of care? A couple of things. One, as Judge Moore stated, a few more simple allegations could have converted this into a claim. Plaintiff chose not to amend. That was their choice. But they simply could have said, they knew this person was a minor. They knew this person was intoxicated. Or, as has been discussed in many other cases, like the Doe case that was referenced before, they saw these guests being sexually suggestive. They saw these crew members. One of the other cases that's discussed in the briefs involves an instance where passengers were trying to force their way into a bathroom to commit an assault. There's no allegations in this case. All you're arguing, counsel, and it's a fallacious argument, is there could have been more extreme conduct alleged. And the plaintiff would be better off and you would be worse off. That doesn't mean the plaintiff hasn't done enough in these allegations to raise the right to relief above the speculative level or to state a claim plausible on its face. The fact that they could have said, yeah, they had carded her and knew she was a minor and they bought the alcohol for her, crew members did, and they saw her being dragged, kicking, screaming, and they cheered on the men, it would have been better for the plaintiff. That doesn't mean that what they've alleged isn't adequate. I understand your position. I respectfully disagree. I believe that Judge Moore was correct in stating that what is here isn't enough. It was dismissed without prejudice. Moore could have been alleged. Moore could have been put in the complaint. Judge Moore specifically stated out just a few steps that needed to be conducted to do that, and the plaintiff chose not to do so. I do not believe under these facts that it is plausible, even assuming that you had an individual who was drinking, to assume that then in a private cabin a crime is going to occur. I don't follow an automatic link, a logical link between those two steps to assume that every person who is intoxicated is then going to be a rape victim in a private cabin. Your position is it's not plausible to think they were escorting her there, in an obviously drunk and unstable position, just to tuck her in and wish her good night. I don't believe it's plausible that the facts of allowing someone to have drinks in a bar, presuming they even saw that to occur, I don't believe it's plausible to assume that those facts will then be the proximate cause of a rape. And that is what's required here. The ultimate element is the injury is a rape or a sexual assault. What was the proximate cause of that? To get past the pleading stage, the court needs to believe that the negligent actions of not stopping someone for drinking plausibly eventually led to proximately causing an assault. And that's where I see the gap, and that's where Judge Moore saw the gap, and said that things could have been alleged differently that might have made it plausible. But just like this court found in H.S., when there's not enough facts, it doesn't state a cause of action. And in terms of prior history, of prior assaults, a ship is not like a neighborhood. There have been comparisons to say that ships are floating cities, but they're not. There's a distinction. If you had a negligent security case taking place right outside this courthouse in downtown Miami, you could say, we know around the federal courthouse there have been 30 crimes committed by such and such gang, residents of that area. Cruise ships change their neighborhood dynamic every seven days. If you had an unruly group of passengers on cruise X that caused certain crimes and things occurred, those seven people are gone and wholly replaced by a whole, not seven people, I apologize. Seven days later, that group of guests is completely replaced by a new group of guests the following week. The problem with that, though, that would be great if you didn't have this history of numerous incidents of this type. So even though it's replaced with a new community, the new community then again repeats the same problem. And so then the question is, what is your client doing to address that? Well, there are certainly things that are done to address that. I don't know that they were at that point at the stage of this case. And things are done in terms of identification and security and surveillance and policies and procedures. Those are facts that are obviously not developed in the record because, as Judge Moore found, they didn't even state enough to get to that point. There are simple things that they could have done differently. They chose not to amend. They bear that risk that because they didn't put enough in the initial pleading that the case be dismissed. It was dismissed without prejudice at the initial stage. They're pleading mistakes just like the HS case from Judge King at the lower court and before this court. When you don't allege enough facts to make it plausible, to take it to that next step, to assume that an assault occurring in a private cabin amongst guests is foreseeable and was foreseeably caused by the negligence, they just simply haven't met that burden here. If the negligent acts were they didn't stop someone who they didn't know was a minor because it's not alleged she was a minor and they didn't stop someone who was intoxicated. And again, we do have to look at the allegations as put in the complaint in the light most favorable to the plaintiff. And here they plead that she was a minor. I'm trying to remember if they said she was 15 years old throughout the events. And we know the drinking age is 21. I mean, at the very least, one would expect that she would have been carded. Why isn't that enough when we look at it in the light most favorable to a plaintiff? One, they would have to allege that they knew this person was drinking and they knew she was a minor. But they do allege that. They allege she was in plain view of the bartender and the crew. They allege that they saw she was drinking. It doesn't matter who bought the drink. She was sitting there drinking. Well, I think the distinction that Judge Moore drew is whether it was in plain sight versus actually having knowledge. And he references this a number of times in his order to say that, yes, they say it was in plain sight, but that's different saying they knew she was a minor, they knew she was intoxicated, they knew or should have known that she was being steered to a cabin. I think that's what plain sight means, that it's right in front of your face. I don't know that in plain sight means that you have actual knowledge of it, and I think that's the distinction he was making. But I also think, again, and this is the leap that I think is too attenuated and too far to make, as the language this Court has used previously, to assume that even if those things occur, that a rape is then going to occur. I have trouble with the- Let's take paragraph 25. In view of multiple crew members and under surveillance by the cameras, the adult male passenger steered the plane, it does say minor, but I don't know that it matters whether it's a minor or not, who was obviously drunk, disoriented, and stable to a cabin where they brutally assaulted her. So forget about all the drinking, whether she's a minor or not. I understand. They're saying, I mean, that paragraph alone, I don't know if they're going to be able to prove that. I don't know where the cabin was. I don't know what surveillance you have or don't have on the bar, out of the bar, what have you. But why is that not enough alone at a 12 v. 6? Because it's still a leap too far to make it foreseeable that a crime is then going to occur. As this Court held in H.S., it is a leap too far to infer that the alleged breaches against rural Caribbean, in this case, actually caused the assault, or that the assault was foreseeable because of the action that was observed. All right. How they get over it. They've got 25. How they get over that is they say the ship knows that this happens, and it has a history of this happening. And again, my position would be that just because in the past a crime has occurred doesn't make it foreseeable in this instance, when you have a different set of passengers, unless, as some of the other examples of cases that are cited in the briefs, you have instances where somebody witnessed doing something to indicate there was a problem. There had been maybe a complaint. Maybe somebody said, I don't like the way this guy is acting. Maybe they had seen some kind of sexual overture. So your position is that whenever a new group of passengers comes on, rural Caribbean gets a clean slate, and nothing that happened with any prior groups of passengers can provide them with notice. Is that what your position is? I think when you have an instance like this, where you have an assault occurring in a private cabin, where two people enter this cabin. It's out of any plain sight. There's nothing to indicate that a crime is foreseeable in that room, without something more taking place. So do you want to answer the question I asked? Is your position that every time a new group of passengers comes on board, rural Caribbean gets a new slate, a clean slate, and nothing that happened before can inform their knowledge about what might happen with this group of passengers? Regarding this specific set of facts, yes. Not all sets of facts. But regarding this instance where you have this case occurring in this cabin, I would agree. That is my position. Okay. Thank you. Thank you. Chief, did you have anything further? No, thank you. I'd just like to address two points brought up by opposing counsel. First, opposing counsel claims that plaintiffs should have filed an amended complaint and did not do so. However, if we look at Judge Moore's order on page four, he says that even if the cruise line knew she was a minor, saw the drinking, saw her being incapacitated, saw her being led away, it was still not foreseeable. So there was nothing more that I could have pled in good faith that would have satisfied Judge Moore. And he made that very clear in his order. And just like in the Sherpone case, that this court ruled that foreseeability is a question of fact, the plaintiff in that case chose to file an appeal. The second issue I would bring out, the standard is not what they actually knew and actually saw. It's reasonable care under the circumstances as to what they should have seen and should have known under those circumstances, which we submit they were negligent in doing. Finally, opposing counsel has alleged, has argued, excuse me, that it's just not foreseeable that crime can happen in a cabin and becoming intoxicated and then going back to the cabin. However, there are multiple cases, where they try to argue this precise crime was not foreseeable. For example, in the Horn case, they said they didn't know that the rape didn't occur following a pub crawl. And in the Doe case, they said the rape didn't occur following a, they didn't know the person would mix Vicodin and then get drunk and someone would take them away. Again, it's just the general knowledge, which we have alleged sufficiently, which will be supported by further discovery. Thank you. Unless there's any questions. Chief, you have anything? No. All right. Thank you, counsel. We'll be in recess.